IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DANIEL R. WILLARD, et al.,       )
                                 )
        Plaintiffs,              )
                                 )
v.                               )        CIVIL ACTION NO. 09-0406-KD-N
                                 )
BALDWIN COUNTY BOARD             )
OF EDUCATION,                    )
                                 )
        Defendant.               )

REPORT AND RECOMMENDATION

This matter is before the court on the defendants' Motion to Dismiss (doc. 7);

plaintiffs' Responses (docs. 14 and 19) and defendant's Reply (doc. 15).  Plaintiff sought

(doc. 14) and received (doc. 22) leave to amend in light of the defendant's motion.[1]

 Following the filing of the amended complaint (doc. 23), defendant filed a new Motion

to Dismiss (doc. 24) adopting its prior motion, and plaintiff filed a short supplemental

response (doc. 28) implicitly adopting their prior response.[2]  This case has been referred

to the undersigned for entry of a Report and Recommendation pursuant to 28 U.S.C. §636

and Local Rule 72.  Upon consideration of the pleadings, the undersigned

---

[1]  The last line of plaintiff's opposition to defendant's motion dismiss states: "Plaintiffs urge the Court to deny the motion to dismiss. In the alternative, they request leave to amend their complaint." (Doc. 14, p. 5)

[2]  Given that the court granted leave to adopt the prior briefs by reference, and in light of the minimal nature of the two-page Response filed by plaintiffs, the court presumes that plaintiffs intended to adopt its prior arguments.

1

RECOMMENDS that defendant's Motion to Dismiss be GRANTED.

Defendant seeks dismissal of this action on grounds that the complaint, brought pursuant to 28 U.S.C. §1983 and, in a count seeking a declaratory judgment, 28 U.S.C. §2201, does not state a bona fide federal claim.  Defendant asserts that this court lacks subject matter jurisdiction because plaintiffs fail to adequately allege a constitutional violation.  Defendant also asserts that plaintiffs fail to state a claim upon which relief may be granted.

Counts One through Three assert a violation of the plaintiffs' Equal Protection rights under the Fourteenth Amendment; Counts Four and Five claim a violation of their Due Process rights; and Count Six seeks a declaratory judgment that the school board's policy violates both Equal Protection and Due Process.  As the jurisdictional challenges are based on defendant's Rule 12(b)(6) motion, the court will approach the issues in that posture.

A.      Standard of Review

Prior to Bell Atlantic v. Twombly, 550 U.S. 544 (2007), a court could only dismiss a complaint "if it is was clear that no relief could be granted under any set of facts that could be proved consistent with the allegations," language set forth in Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  This language as it relates to the Rule 12(b)(6) standard was expressly rejected in Twombly wherein the Supreme Court set forth the following standard regarding a court's determination of the sufficiency of an initial pleading such as is in issue in this case:

> Federal Rule of Civil Procedure 8(a)(2) requires only " a short and plain
> statement of the claim showing that the pleader is entitled to relief," in order
> to "give the defendant fair notice of what the ... claim is and the grounds
> upon which it rests," Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99, 2
> L.Ed.2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion
> to dismiss does not need detailed factual allegations, [citation omitted] a
> plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do [citation omitted]. Factual
> allegations must be enough to raise a right to relief above the speculative
> level.

550 U.S. at 555.  The Supreme Court emphasized, however, that "we do not require

heightened fact pleading of specifics, but only enough facts to state a claim to relief that

is plausible on its face."  550 U.S. at 570.  The Supreme Court recently reinforced the

Twombly standard in Ashcroft v. Iqbal, – U.S. – , 129 S.Ct. 1937, 1949-50 (2009).  The

Court reiterated that a claim is insufficiently pled if it offers only "'labels and

conclusions'" or "'a formulaic recitation of the elements of a cause of action'."  Iqbal,

129 S.Ct. at 1949, *quoting* Twombly, 550 U.S. at 557.  *See also*, Phillips v. County of

Allegheny, 515 F.3d 224, 233 (3rd Cir. 2008)("After Twombly, it is no longer sufficient to

allege mere elements of a cause of action; instead 'a complaint must allege facts

suggestive of [the proscribed] conduct'."), *quoting* Twombly, 550 U.S. at 553, n. 8. *See*

*also*, Sinaltrainal v. Coca-Cola Co., 2009 WL 2431463 (11th Cir. Aug. 11, 2009)("The

mere possibility the defendant acted unlawfully is insufficient to survive a motion to

dismiss [*citing* Iqbal, 129 S.Ct. at 1949] [and] [t]he well-pled allegations must nudge the

claim 'across the line from conceivable to plausible'" [*quoting* Twombly, 550 U.S. at

570]").

It is also important to note that "[a] complaint may not be dismissed merely

because it appears unlikely that the plaintiff can prove those facts or will ultimately

prevail on the merits." McTernan v. City of York, Pennsylvania, 564 F.3d 636, 646 (3rd

Cir. 2009), *quoting*, Phillips, 515 F.3d at 231, in turn *quoting*, Twombly, 550 U.S. at 553,

n. 8.  The Supreme Court's Twombly formulation of the pleading standard "'does not

impose a probability requirement at the pleading stage,'" but instead "'simply calls for

enough facts to raise a reasonable expectation that discovery will reveal evidence' of the

necessary element." Id., *quoting* Phillips, 515 F.3d at 234, in turn *quoting*, Twombly, 550

U.S. at 556.

Factual Background[3]

Plaintiff, Daniel R. Willard, is the minor child of plaintiffs Tammy D. and Robert

L. Willard.  Mr. and Mrs. Willard live in Mobile County, Alabama.  Daniel lives with his

maternal aunt, plaintiff Celena D. Somerset, at her home in Robertsdale, Baldwin County,

Alabama.  Mobile and Baldwin Counties adjoin one another.

On March 10, 2009, Mr. and Mrs. Willard executed a document entitled

Delegation of Parental Authority, allegedly drafted pursuant to Ala.Code §26-2A-7[4],

---

[3]  The statement of facts is drawn primarily from the allegations of the Complaint (doc.1).

[4]  Section 26-2A-7 of the Code of Alabama entitled " Delegation of powers by parent or guardian; parental authority" states, in pertinent part:

> (a) A parent who has custody, or a guardian, of a minor or incapacitated person, by a properly executed power of attorney, may delegate to another person, for a period not exceeding one year, any power regarding health, support, education, or maintenance of the person or property of the minor child or ward, except the

granting certain authority over matters of health, support, education and maintenance of

Daniel to Mrs. Somerset.  Based on this document, Mrs. Somerset attempted to enroll

Daniel in Robertsdale High School.  That attempt was rejected by the principal of

Robertsdale High School and Assistant Superintendent JaNay Dawson, in reliance on

Board of Education policy # 910.

Policy 910 provides that a non-parent seeking to enroll a child in the Baldwin

County Schools may do so only under authority of a "court order or decree transferring

guardianship or custody" to the non-parent.  The policy provides a limited exception for

"extreme emergency situations" in which a non-parent may enroll a student temporarily

under a Delegation, such as the one in this case, upon receipt of a waiver from the

Assistant Superintendent.  That exception was not applied to the attempt to enroll Daniel,

and plaintiffs do not allege that it should have been so applied.

## Analysis

### *Equal Protection Claim*

Plaintiffs' complaint alleges, in part, that by refusing to enroll Daniel the Board

violated all the plaintiffs' rights to equal protection of law.  In opposition to defendant's

motion to dismiss, plaintiff maintains that his "assertion of a right to go to Robertsdale

High... is based entirely on a) his residency in Baldwin County, b) the existence of a

---

power to consent to marriage or adoption of a minor ward. Temporary
"delegation" of parental powers does not relieve the parent or guardian of the
primary responsibility for the minor or incapacitated person.

public education system there, available to all children who live in Baldwin County, and

c) his right to equal protection under the law."

Plaintiffs' Equal Protection argument contemplates a class of all school-aged

children living within Baldwin County, regardless of whether they are living with one or

both natural parents, an adopted parent, or with a non-parent pursuant to a Delegation of

Parental Authority, a custody order, or a guardianship.  Thus, according to plaintiffs, all

Baldwin County school children are similarly situated[5] to plaintiff Daniel Willard.[6]

Plaintiffs argue that the distinction in Policy # 910 between a child who resides in

Baldwin County with his natural parents, an adoptive parent, or with a non-parent who

has been given guardianship or custody of the child by court order on the one hand, and a

child who lives with a non-parent in Baldwin County pursuant to a Delegation of Parental

Authority on the other, bears no rational relationship to any legitimate interest of the

Board of Education.  The undersigned finds this position to be unavailing.

In Martinez v. Bynum, 461 U.S. 321 (1983), the Supreme Court upheld a Texas

statute which established a bona fide residency requirement for minors who wished to

attend public schools.  The statute, Texas Education Code §21.031(d), allowed school

---

[5] "In order to maintain an equal protection claim, a plaintiff must show that similarly situated persons were treated dissimilarly." Hammock ex rel. Hammock v. Keys, 93 F.Supp.2d 1222, 1231 (S.D.Ala. 2000), citing Curse v. Director, Office of Workers' Compensation Programs, 843 F.2d 456, 463 (11th Cir.1988).

[6] Plaintiffs' three equal protection counts address the rights of Daniel to enroll in school where he lives, of Mr. and Mrs. Willard to send Daniel to live with someone else and choose "how their son is raised and educated," and of Mrs. Somerset to "exercis[e] her responsibilities [under the Delegation] as she sees fit."

districts to deny tuition-free admission to minors living apart from a "parent, guardian or other person having lawful control of him" if his presence in the district was "for the primary purpose of attending the public free schools." The Supreme Court held that "[a] bona fide residency requirement, appropriately defined and uniformly applied, furthers the substantial state interest in assuring that services provided for its residents are enjoyed only by residents. Such a requirement with respect to attendance in public free schools does not violate the Equal Protection Clause of the Fourteenth Amendment. ... A bona fide residence requirement simply requires that the person *does* establish residence before demanding the services that are restricted to residents." Martinez, 461 U.S. at 328-29; *see* id., at n 7 (since public education is not a constitutionally protected right, issue may be decided under the 'rational basis' test.).

The distinction at issue here, refusing admission to children living in Baldwin County with a non-parent who has not been granted custody of the child by court order, is a bona fide residency requirement, is appropriately defined, and has been uniformly applied. The school district has a legitimate interest in assuring that its services are used by legitimate county residents. The Board has chosen to preclude admission by those who try to take a short-cut to a child's residency for school purposes, sending their child to live in the preferred school district with one who is not his parent, *unless* that adult has been granted appropriate authority over the child by a court of competent jurisdiction. Given the relative ease with which parents could temporarily establish residency for their child under plaintiffs' theory, doing so purely for educational reasons, and could thus pick

the school that they wanted their child to attend without regard to where the family lives,

a significant number of students could descend upon a popular or successful school

despite not having a real connection to the school district other than their parents' school

preference.[7]  The Complaint does not contain even a conclusion, let alone factual

allegations, that either the parents or the minor child[8] intend that the child will remain a

resident of Baldwin County for an indeterminate time, or that he resides there *except* for

the purposes of attending school.  The Delegation executed by Mr. and Mrs. Willard,

limited to one year, does not establish such an intent by the parents.

Plaintiffs argue that some other state statutes provide different standards for

determining the residence or domicile of a minor.  To the extent that plaintiffs cite such

other statutes as allegedly invalidating the Board's policy under a state law theory, such

claims are not raised by the Complaint and would have been insufficient to justify the

exercise of federal jurisdiction.  To the extent, if any, that plaintiffs cite these other

---

[7] The court notes that allowing parents to make simple, temporary arrangements for their child to live apart from them in order to pick the school system they prefer their child to attend would pose a significant risk of precisely those harms the Court addressed in Martinez.  *See* Id., at 329-30, n.9.

[8] Plaintiffs have not argued that the minor would be legally competent to make such an individual decision.  Further, if there is some other reason for the minor to live apart from his parents and move in with his maternal aunt, he is still free to return to Mobile County to school in the district where his parents live, while returning every evening to his aunt's home.  He is not precluded from residing where his parents desire nor from attending public school, merely restricted to attending public school in the district of his bona fide residence as defined by the relevant school board.  "[T]here is no indication that 'the right to a public education encompasses a right to choose one's particular school.' " Hammock ex rel. Hammock v. Keys, 93 F.Supp.2d 1222, 1233 (S.D.Ala. 2000), *quoting* C.B. v. Driscoll, 82 F.3d 383, 389 n. 5 (11th Cir.1996).

provisions of state law to demonstrate that the Board policy is not rationally related to a

legitimate purpose, the court finds these citations to facially-distinguishable statutory

schemes to be unconvincing on that point.

*Due Process Claims*

Plaintiffs' Due Process arguments are similarly unavailing.  In the two due process

counts, plaintiffs assert that the application of the Board's policy, without providing a

formal avenue for appeal or review[9], violates the minor's due process rights and that the

irrebuttable presumption of nonresidence on these facts violates the rights of Mrs.

Somerset.  In Martinez, 461 U.S. at 330 n.10, the Court rejected a similar due process

challenge.  "We reject Martinez's argument that § 21.031(d) violates the Due Process

Clause because it creates an irrebuttable presumption of nonresidence. ... . Morales easily

could rebut any "presumption" of nonresidence if he were, in fact, a resident." Id.

(citations omitted).  Plaintiffs in the instant action argue that they should be allowed a

formal opportunity to convince the Board that its policy should be changed, but make no

allegation that they would or could challenge the factual basis for the decision, or prove

facts that would indicate that the minor qualifies as a resident pursuant to that policy.

Count Six, seeking a declaratory judgment, requires a finding of a constitutional

---

[9] The plaintiffs assert that their appeal to the Board of the Assistant Superintendent's decision does not preclude such a claim because the appeal was an ad hoc matter and was not a procedure generally provided under these circumstances.  Because the court finds no Constitutional violation, it does not reach the sufficiency of the appellate mechanism in cases which present a good faith factual challenge to the application of the Board's policy by the Assistant Superintendent.

violation, specifically a violation of equal protection or due process guarantees.  As the

undersigned has determined that the allegations of the complaint, taken as true, do not

establish a constitutional violation, the undersigned finds that the declaratory judgment

count is due to be dismissed, as well.

Conclusion

For the foregoing reasons, the undersigned hereby RECOMMENDS that

defendant's Motion to Dismiss the complaint be GRANTED on the basis that plaintiffs's

Complaint fails to state a claim upon which relief may be granted.

The attached sheet contains important information regarding objections to the

Report and Recommendation.

DONE this 12th day of November, 2009.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS
AND RESPONSIBILITIES FOLLOWING RECOMMENDATION
AND FINDINGS CONCERNING NEED FOR TRANSCRIPT

1. **Objection**. Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the clerk of court. Failure to do so will bar a de novo determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the magistrate judge. See 28 U.S.C. § 636(b)(1)(C); Lewis v. Smith, 855 F.2d 736, 738 (11th Cir. 1988); Nettles v. Wainwright, 677 F.2d 404 (5th Cir. Unit B, 1982)(en banc). The procedure for challenging the findings and recommendations of the magistrate judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a "Statement of Objection to Magistrate Judge's Recommendation" within ten days after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection. Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. **Transcript (applicable where proceedings tape recorded)**. Pursuant to 28 U.S.C. § 1915 and Fed.R.Civ.P. 72(b), the magistrate judge finds that the tapes and original records in this
action are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

11