**IN THE UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **DANIEL R. WILLARD, TAMMY D.** | ) |
| **WILLARD, ROBERT L. WILLARD, JR.,** | ) |
| **and CELENA D. SOMERSET,** | ) |
| | ) |
| **Plaintiffs** | ) |
| | ) |
| **vs.** | )  **CIVIL ACTION NO 09-0406-KD-N** |
| | ) |
| **BALDWIN COUNTY BOARD OF** | ) |
| **EDUCATION,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on Defendant's motion to dismiss and the Magistrate Judge's

Report and Recommendation recommending dismissal. Upon consideration and for the reasons set

forth herein, the motion to dismiss is GRANTED.

I. Background

Daniel Willard is the son of Tammy D. Willard and Robert L. Willard, Jr., who live in

Mobile County, Alabama. Daniel was born October 21, 1993, thus he was fifteen years old at the

time the complaint was filed and the law of the State of Alabama required that he attend school.[1]

Daniel went to live in Baldwin County, Alabama with his maternal aunt, Celena D. Somerset, and

on March 10, 2009, Daniel's parents executed a Temporary Delegation of Parental Authority to

---

[1] "Every child between the ages of seven and 17 years shall be required to attend a public school, private school, church school, or be instructed by a competent private tutor for the entire length of the school term in every scholastic year . . . Admission to public school shall be on an individual basis on the application of the parents, legal custodian, or guardian of the child to the local board of education at the beginning of each school year, under such rules and regulations as the board may prescribe." Ala. Code 1975 § 16-28-3.

Somerset.  Somerset then attempted to enroll Daniel at Robertsdale High School.

According to the complaint, Somerset's attempt to register Daniel was rebuffed by the Principal and the Assistant Principal because of the Baldwin County Board of Education's Policy # 910.  This Policy states that a non-parent seeking to enroll a student may do so only under authority of a court order or decree transferring guardianship or custody to the non-parent.  According to the Policy, only in extreme emergency situations, upon waiver by the Assistant Superintendent, would a non-parent acting under a Delegation be allowed to temporarily enroll a student.

II.  Report and Recommendation

The report and recommendation to dismiss the traditional equal protection claims and the due process claims is adopted except as follows:

1) Page 7, first full paragraph is amended as follows: STRIKE  ",is appropriately defined and has been uniformly applied" and INSERT ".  Moreover, there has been no allegation or meritorious argument that the residency requirement is not appropriately defined or has not been uniformly applied."

2) Page 8, is amended as follows: STRIKE "The Complaint does not contain even a conclusion, let alone factual allegations, that either the parents or the minor child intend that the child will remain a resident of Baldwin County for an indeterminate time, or that he resides there except for the purposes of attending school.  The Delegation executed by Mr. and Mrs. Willard, limited to one year, does not establish such an intent by the parents."

III.  Remaining claim

The traditional equal protection claims are dismissed on the basis that plaintiffs have failed to allege facts to show that Policy #910 is not rationally related to the School Board's stated objectives.  However, in the plaintiffs' argument in response to the motion to dismiss they appear to

morph their traditional equal protection claims into, perhaps, an equal protection claim based on a

class of one.[2]  "To prove a 'class of one' claim, the plaintiff must show (1) that he was treated

differently from other similarly situated individuals, and (2) that the defendant unequally applied a

facially neutral ordinance for the purpose of discriminating against him." Leib v. Hillsborough

County Public Transp. Com'n, 558 F.3d 1301, 1307 (11th Cir. 2009).  Specifically, the plaintiffs

argue that foster care children are similarly situated to Daniel Willard and are treated differently by

the school board in its application of Policy #910.  However, this "class of one" claim has not been

even vaguely asserted in either of the plaintiffs' complaints.[3]

      Accordingly, Defendant's motion to dismiss is GRANTED.[4]

      **DONE** and **ORDERED** this the 31st day of December, 2009.

                  **s / Kristi K. DuBose**
                  **KRISTI K. DuBOSE**
                  **UNITED STATES DISTRICT JUDGE**

---

[2] The plaintiffs' response states that the report "makes no explanation as to how foster children from, and in the legal custody of another county (or perhaps even another state), are somehow bona fide residents of Baldwin County."  Plaintiffs' counsel is misguided in his belief that it is the job of the Magistrate Judge to attempt to discern all possible claims from an inadequately plead complaint and then refute the claims.

[3] Moreover, to withstand dismissal "plaintiffs are not permitted simply to 'rely on broad generalities in identifying a comparator.'" Id. (quoting Griffin Indus. v. Irvin, 496 F.3d 1189, 1204 (11th Cir.2007)). Given the rigorous standard of alleging a similarly situated individual, it is highly unlikely that a foster child would be considered similarly situated to Daniel Willard: Daniel is not in the custody and care of a state agency.

[4] In their last response, plaintiffs have requested leave to amend so that they could allege that Daniel Willard intends to remain a resident of Baldwin County and that he does not reside there solely for the purpose of attending school there.  These facts make no difference to the determination that Policy #910 is rationally related to the School Board objectives or that plaintiffs have failed to state a due process violation.  Accordingly the motion for leave to amend is DENIED.